UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ILLINOIS UNION INSURANCE COMPANY
as subrogee of CITY OF LAWRENCE

        Plaintiff,

v.

THE VIKING CORPORATION,

        Defendant.

CIVIL ACTION NO. 04-10475-MLW

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Viking Corporation ("Viking") hereby responds to Plaintiff's Complaint as follows:

### PARTIES

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

3.    Admitted.

4.    Defendant admits that, at all times material hereto, it was engaged in the business of manufacturing and supplying fire suppression sprinklers and related equipment.

### JURISDICTION AND VENUE

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

## FACTUAL ALLEGATIONS

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

9. Defendant admits that it was in the business of manufacturing fire suppression sprinklers and related equipment prior to October 5, 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph, and therefore denies same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore denies same.

## COUNT I – BREACH OF WARRANTY

13. Defendant expressly incorporates each and every response set forth in the preceding paragraphs.

14. Denied.

15. Denied.

B601480.1

## COUNT II - NEGLIGENCE

16.     Defendant expressly incorporates each and every response set forth in the preceding paragraphs.

17.     Denied.

18.     Denied.

ALL ALLEGATIONS NOT HEREINBEFORE ADMITTED, QUALIFIED OR DENIED ARE HEREBY DENIED.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred in whole or in part because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's damages, if any, may have been caused by, or were the result of, independent, intervening and/or superseding forces and or actions or inactions of third parties over whom Viking had no control or right of control.

### Third Affirmative Defense

Plaintiff had full knowledge of, accepted, and assumed all risks and possible adverse effects related to the use of the sprinkler system at issue in this action. Plaintiff's recovery, therefore, is barred, diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

### Fourth Affirmative Defense

Plaintiff's claims against Cybex may be barred, or Plaintiff's damages may be reduced, under the doctrine of comparative negligence as set forth in M.G.L. c. 231, § 85.

B601480.1

### Fifth Affirmative Defense

Plaintiff's claims against Viking may be barred, or Plaintiff's damages may be reduced because Plaintiff's injuries, if any, were caused by misuse of the sprinkler system at issue in this action.

### Sixth Affirmative Defense

Plaintiff's claims against Viking are barred by the learned intermediary and/or bulk supplier doctrine.

### Seventh Affirmative Defense

Plaintiff's claims are barred because the methods, standards and techniques used in designing the sprinkler system at issue in this action and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time said sprinkler system was manufactured, sold and distributed.

### Eighth Affirmative Defense

Plaintiff failed to mitigate its damages, if any, despite full knowledge of them.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose as set forth in M.G.L. c. 260, § 2B.

### Tenth Affirmative Defense

Plaintiff's Complaint is barred by the doctrines of laches, waiver and estoppel.

### Additional Defenses

Defendant reserves the right to amend its answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## JURY DEMAND

Defendant requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1.  Dismiss this action in its entirety and render judgment in Defendant's favor on each and every count asserted in the Complaint;

2.  Award Defendant its costs and reasonable attorneys' fees incurred in defending this action;

3.  Award Defendant such further and additional relief as the court deems just and appropriate.

            Respectfully submitted,

            THE VIKING CORPORATION,
            By its attorneys,

            */s/ Jennifer A. Champlin*
            Joseph J. Leghorn, Esq. (BBO No. 292440)
            Jennifer A. Champlin, Esq. (BBO No. 654726)
            NIXON PEABODY LLP
            100 Summer Street
            Boston, MA  02110
            (617) 345-1000

DATED:  May 6 , 2004

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2004, I caused a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint to be served by facsimile and first class mail on the following counsel of record:

Patrick J. Loftus, III, Esq.
No. 9 Park Street
Suite 500
Boston, MA 02108

James P. Cullen, Jr., Esq.
Cozen O'Connor
1900 Market Street
The Atrium – Third Floor
Philadelphia, PA 19103
(215) 665-4102

*Jennifer A. Champlin*
Jennifer A. Champlin, Esq.

B601480.1