UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY as subrogee of CITY OF LAWRENCE<br><br>      Plaintiff,<br><br>v.<br><br>THE VIKING CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO. 04-10475-MLW |

**STIPULATION AND ORDER PROTECTING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

WHEREAS, the parties to this action anticipate the exchange of business and financial information through discovery, which information is otherwise treated as confidential by the parties; and

WHEREAS, disclosure of such information to persons not parties to this action might result in damage to one of the parties.

It is hereby STIPULATED AND AGREED by the undersigned attorneys, subject to the Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of confidential information in these proceedings:

1. The term "Confidential Information" shall mean information which the designating party or a designating non-party deems to constitute trade secrets or other confidential research, development or commercial information which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials.

BOS1422499.2

2. "Producing Person" or "Designating Person" shall mean a party to this action or third party witness (including counsel for the party or witness) who requests the protections provided by this Order, who is producing information pursuant to any discovery request.

3. "Receiving Party" or "Non-Designating Party" shall mean the party hereto who is the recipient of information supplied by the producing or designating person.

4. "Designated Counsel" shall mean: (a) the attorneys and employees of Cozen O'Connor, including James P. Cullen, Jr., Esq., counsel for plaintiff Illinois Union Insurance Company ("Illinois Union"); (b) Patrick J. Loftus III, Esq., counsel for plaintiff Illinois Union; and (c) the attorneys and employees of Nixon Peabody LLP, including Joseph J. Leghorn, Esq., counsel for defendant The Viking Corporation ("Viking).

5. Any deposition testimony, document or thing, including discovery in documentary form, such as responses to interrogatories, responses to document requests, and responses to requests for admissions, and all information derived from inspection of files and facilities pursuant to discovery herein, may be designated by the Producing Person and marked "CONFIDENTIAL" at the time of production if the Producing Person believes that the matter produced contains Confidential Information.

6. Documents and things designated "CONFIDENTIAL" may only be disclosed to:

    a. Plaintiff Illinois Union;

    b. Designated Counsel as defined in paragraph 4 above;

    c. Directors, officers and employees of the parties whose duties require them to assist Designated Counsel to prepare for trial;

    d. Independent experts and consultants retained by Designated Counsel in this action;

  e. Any person who has been called to provide testimony by deposition provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing a document in the form attached as Exhibit A, except that regardless of whether such deponent agrees to sign Exhibit A, such Confidential Information or document may be disclosed to such person at their deposition if:

    (i) The deponent is listed as an author, addressee, or recipient on the face of a document designated "CONFIDENTIAL";

    (ii) The Confidential Information or document was produced by or obtained from said deponent; or

    (iii) Upon order of the Court for good cause shown;

  f. The Court, its personnel and members of the jury;

  g. Court reporters; and

  h. Any mediator(s) or arbitrator(s) retained by the parties in connection with this litigation.

7. No person receiving Confidential Information designated "CONFIDENTIAL" under this Order shall use such Confidential Information for any purpose other than for purposes of this action (preparation for trial, trial, and any pre-trial or post-trial proceedings) and shall not disclose such Confidential Information to any other person, except as specified herein.

8. Designated Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Confidential Information is disclosed (other than a person identified in paragraphs 6(a), 6(b), 6(c), 6(f), and 6(g)) to be bound by the terms of this Protective Order. Such written agreement

shall be in the form annexed hereto as Exhibit A; provided, however, that such agreement given on the record in a deposition after reading of the Protective Order shall fully substitute for such written agreement.

9.  Portions of deposition transcripts may be designated as "CONFIDENTIAL" by any party to this action or by the deponent either (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the party wishing to make the designation receives the transcript. Pending the expiration of said thirty (30) days, all parties and person shall presumptively treat the deposition transcript as "CONFIDENTIAL." If no portions of the transcript are designated as "CONFIDENTIAL" by any party to this action or by the deponent within said thirty (30) days, the transcript shall not be considered to be designated "CONFIDENTIAL." Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL" if written notice is provided within said thirty (30) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "CONFIDENTIAL" under this Protective Order.

10. No person or party shall disclose to anyone not specified in paragraph 6 hereof any Confidential Information designated under this Protective Order without prior written consent of the Designating Person or further order of this Court. Confidential Information disclosed pursuant to this Protective Order shall not and cannot be used by a recipient for any purpose other than for purposes of this action.

11. This Order shall be without prejudice to the right of any Non-Designating Party to bring before this Court at any time the question of whether any particular information is properly categorized. The burden of proving that information is properly designated pursuant to this Order shall be consistent with the laws of the Commonwealth of Massachusetts.

12. The parties shall make every reasonable effort to mark every document and thing containing Confidential Information with the legend set forth in paragraph 5 hereof, but the inadvertent failure to mark the legend on the document or thing, where notice has otherwise been given that it is Confidential Information, shall not exempt it from the provisions of this Protective Order.

13. Nothing herein shall be construed to limit in any way a party's use of its own Confidential Information.

14. This Order is intended to provide a mechanism for the handling of Confidential Information, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

15. This Order may be amended without leave of Court in the form of a written stipulation of the parties that shall be filed in this case. This Order is intended to regulate the handling of Confidential Information during the pretrial period of this litigation but shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by Order of the Court.

16. Within sixty (60) days of the final disposition of this action, each Receiving Party shall be under an obligation to assemble and return to the Producing Person all documentary materials produced in this action that have been designated "CONFIDENTIAL" still subject to this Order, including all copies of such Confidential Information which may have been made, provided that the Producing Person or Designating Person may elect to give consent to Receiving Party or Non-Designating party to destroy any such Confidential Information. Each Receiving Party may retain copies of pleadings, court filings, deposition and trial exhibits, attorney notes and other work product. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction or both, shall be certified in writing by the Receiving Party.

17. The parties and any other persons subject to the terms of this Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purposes of enforcing this Protective Order.

Respectfully submitted and agreed:

| ILLINOIS UNION INSURANCE COMPANY, | THE VIKING CORPORATION, |
|---|---|
| By its attorneys, | By its attorneys, |
| */s/ James P. Cullen, Jr.* | */s/ Joseph J. Leghorn* |
| James P. Cullen, Jr. | Joseph J. Leghorn, BBO No. 292440 |
| COZEN O'CONNOR | NIXON PEABODY LLP |
| 1900 Market Street | 100 Summer Street |
| Philadelphia PA, 19103 | Boston, MA 02110 |
| Telephone: (215) 665-4102 | Telephone: (617) 345-1000 |
| Dated: 1/17/05 | Dated: 1/13/05 |

Having reviewed the above stipulation and good cause appearing therefore, IT IS SO ORDERED.

DATED: _____          _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY as subrogee of CITY OF LAWRENCE<br><br>Plaintiff,<br><br>v.<br><br>THE VIKING CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 04-10475-MLW |

## ACKNOWLEDGEMENT OF STIPULATION AND CONFIDENTIALITY ORDER

1. I, _Thomas Eagar_, the undersigned, have received a copy of the *Stipulation and Order Protecting Confidentiality of Discovery Materials* entered in connection with the above-captioned matter (hereinafter the "Order"). I have read the Order and understand its terms. As a condition of disclosure to me of any information or documents designated CONFIDENTIAL in accordance the Order, I hereby agree to be bound by the terms of the Order.

2. My current address is _MIT, Rm 4-136, 77 Mass Ave, Cambridge, MA 02139_.

3. I understand and agree that a Court of competent jurisdiction within the United States shall have jurisdiction with regard to any proceedings to enforce the terms of the Order.

4. I understand and agree that I shall <u>not</u> use any information or the contents of any document furnished to me and designated as CONFIDENTIAL for any purpose other than for purposes of this litigation. I will hold such information and/or the contents of such documents in confidence and will <u>not</u> disclose such information and/or the contents of such documents to anyone <u>not</u> specified under the terms of the Order.

5.  I understand and agree that, within sixty (60) days of the final disposition of this action, I shall either: (a) deliver any documents designated CONFIDENTIAL and/or any compilation or analysis of any information designated CONFIDENTIAL to counsel for the party who furnished the information and/or documents to me; or (b) destroy such documents and/or compilations and/or analysis, certify such destruction in writing under oath and deliver such certification to counsel for the party who furnished the information and/or documents to me.

Dated: _22 Jan 2005_    Signature: _Thomas W. Eagar_